NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0342n.06

Case No. 21-5039

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| INGRAM BARGE COMPANY, LLC, | ) | **FILED** |
| | ) | Jul 15, 2021 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| BUNGE NORTH AMERICA, INC, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

Before: GUY, GIBBONS, and GRIFFIN, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** Ingram Barge appeals the dismissal of some (but not all) of its claims for lack of personal jurisdiction over Bunge North America. Ingram, a river freight company, sued Bunge to recover certain shifting, fleeting, and wharfage charges under the "Grain Transportation Terms" that Ingram incorporated into its negotiable bills of lading (*i.e.*, contracts for the transportation of goods). Ingram asserted personal jurisdiction solely on the basis of the forum selection clause contained in those terms. In relevant part, the district court found that Bunge was not bound to the forum selection clause with respect to claims arising from some— specifically five—of the bills of lading and dismissed those claims for lack of personal jurisdiction. We AFFIRM.[1]

_____

[1] The "Choice of Law and Forum" provision required disputes to be brought in the United States District Court for the Middle District of Tennessee and stated that "[e]ach party hereby irrevocably

I.

Ingram's claims concern 26 shipments of grains purchased by Bunge, carried by Ingram's barges, and accepted by Bunge at the Port of New Orleans, Louisiana. Transportation for 21 of those shipments was procured by SCF Marine, which Bunge described as the "exclusive provider of barge freight for Bunge's dry bulk grain and grain-related products along the Mississippi River and other waterways." The bills of lading for those shipments—termed the "SCF Shipments" by the district court—each identified Bunge as consignor/consignee and named Ingram as the carrier. For reasons we need not repeat, the district court found it had personal jurisdiction over Bunge with respect to the claims arising from the SCF Shipments. *See Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558, 570-72 (M.D. Tenn. 2020). That aspect of the decision is not before us here.

The other five shipments, however, were not arranged by SCF. Nor did any of the bills of lading for those five shipments—referred to as the "non-SCF Shipments"—identify Bunge as the consignor or consignee. (Page ID # 614.) Instead, the *sellers* were identified as both the consignor and consignee, while Bunge was listed only as a "notify" party or was not named at all. (Compl. Exhs. JJJ, VVV, ZZZ, TTTT and XXXX.) In each instance, the cargo was purchased on a "CIF-NOLA" basis—meaning cost, insurance, and freight to New Orleans, Louisiana to be paid by the seller. And, according to Bunge, "the cargo was loaded on Ingram's barges prior to Bunge's purchase of the grain." Ingram later incurred charges for shifting, fleeting, and wharfage services and asked that Bunge be billed directly. That request was denied, so Ingram sent "rebill" invoices to Bunge that went unpaid.

---

waives any objection to personal jurisdiction or venue therein," as well as "its right to a trial by jury." (Compl., Doc. 1-2, p. 4.) This is what we refer to as the "forum selection clause."

The district court rejected Ingram's arguments for why Bunge should be bound by the forum selection clause with respect to the non-SCF Shipments. *See id*. at 572-74. After granting in part and denying in part Bunge's motion to dismiss or transfer venue, the district court certified its order for immediate appeal under 28 U.S.C. § 1292(b). This court granted permission to appeal that interlocutory order. (No. 20-0503.)

II.

The dismissal of a claim for lack of personal jurisdiction is reviewed *de novo*. *Air Prods. and Controls, Inc. v. Safetech Intern., Inc*, 503 F.3d 544, 549 (6th Cir. 2007). When, as here, the district court relies on written submissions, the plaintiff bears the relatively slight burden of establishing the existence of personal jurisdiction. *Id*. Ingram's assertion of personal jurisdiction over Bunge rests entirely on the forum selection clause incorporated into its bills of lading.

As it turns out, however, Ingram has pursued appeals in two other cases raising substantially the same challenges to the same district judge's dismissal of claims against other grain purchasers for lack of personal jurisdiction under the same forum selection clause incorporated into Ingram's bills of lading. In one case, this court affirmed the dismissal for lack of personal jurisdiction in a published (albeit divided) opinion. *See Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*, __F.4th__, 2021 WL 2640557 (6th Cir. June 28, 2021) (No. 20-5514). And, bound by that decision, we also affirmed the dismissal of Ingram's claims in the other case because there was "no way to materially distinguish *Zen-Noh.*" *Ingram Barge Co., LLC v. Louis Dreyfus Co.*, __F. App'x__, 2021 WL 2799965, at *1 (6th Cir. July 6, 2021) (No. 20-5513). The same is true here.

Ingram itself alerted us to the appeals from "similar decisions in two additional cases brought by Ingram involving near-identical issues to those presented in this appeal." (Ingram's

Br., p. 10 n.5.)  We agree that the material facts are indistinguishable from those in *Zen-Noh* and that the arguments are nearly identical to those that were rejected by *Zen-Noh*.  As such, like the panel in *Ingram v. LDC*, we are bound by *Zen-Noh* and conclude that the district court did not err in dismissing Ingram's claims related to the five non-SCF Shipments for lack of personal jurisdiction.  *See Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019).

**AFFIRMED**.